## BLACKSHIRE v. STATE.

(Division A.  Oct. 27, 1930.)

[130 So. 498.  No. 28751.]

**O. L. Kimbrough**, of Greenwood, for appellant.

**Wm. A. Shipman**, Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

The appellant, Mike Blackshire, was convicted in the circuit court of Le Flore county on a charge of robbery, and was sentenced to the state penitentiary for a period of seven years, and from this conviction and sentence he prosecuted this appeal.

In the cross-examination of Andrew Blackshire, a witness for the appellant, the state was permitted to prove an alleged confession of the appellant made to the said witness and the appellant's mother and stepfather; and the admission of this confession is assigned as error.

The testimony shows that shortly after the alleged robbery the appellant was arrested and turned over to a deputy sheriff by Charlie Allen and a Mr. Steele, who operated a plantation near the scene of the robbery. On the cross-examination of Andrew Blackshire, a witness for the appellant, he was interrogated in reference to a confession alleged to have been made to the appellant's mother in the presence of the witness, and by leading questions the witness was made to testify that the appellant told his mother he committed the robbery. The testimony in reference to this alleged confession was fully developed out of the presence of the jury, and it seems clear that this witness intended to, and did, testify that the appellant denied he actually committed the robbery, but stated that he told Mr. Allen he committed it because Allen had told him he would be sent to the penitentiary for thirty-five and fifteen years unless he admitted the

robbery. There is nothing in this record to dispute the testimony to the effect that this alleged confession was made under the influence of these threats of severe punishment and the hope of reward, and we think its admission in evidence constituted reversible error.

After the conclusion of the appellant's evidence the sheriff of the county was called in rebuttal to testify as to an alleged confession made to him shortly after the appellant was placed in jail, and the admission of this evidence is assigned as error. While it is true that, "where a confession is made under the influence of threats or the hope of reward, a subsequent confession will not be admissible in evidence until such influence is shown to have been removed," still upon the state of this record it does not appear that proper objection was made to the introduction of the testimony of the sheriff, and consequently this assignment must fail.

For the error indicated, however, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.